UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARTHUR WRIGHT,

                          Plaintiff,

-against-

CITY OF NEW YORK, JOHN LAURIE, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                           Defendants.

-------------------------------------------------------------------X

*FILED*
2014 NOV 14 PM 7:52

CV 14-6728

**COMPLAINT**

Index No.

DEARIE, J.  Jury Trial Demanded

      Plaintiff ARTHUR WRIGHT, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

      4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ARTHUR WRIGHT is a twenty-six year old African-American man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN LAURIE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On August 18, 2013, at approximately 7:15 p.m., at 541 Van Duzer Street in the 2nd floor apartment, Staten Island, New York, plaintiff ARTHUR WRIGHT was lawfully present in his home when the defendant police officers, including defendant officer JOHN LAURIE, entered WRIGHT'S home and falsely arrested WRIGHT.

13. The defendant officers falsely arrested WRIGHT for the criminal conduct committed by Robert Coward.

14. Upon information and belief, prior to arresting WRIGHT, the defendant officers were involved in a high speed chase of a vehicle driven by Robert Coward. The chase ended when Coward's vehicle collided with another vehicle and Coward exited his vehicle and fled the scene of the accident.

15. Christine Holmstock was the front seat passenger in Coward's vehicle when it was involved in the accident. Holmstock remained in the front passenger seat of Coward's vehicle and spoke to the defendant officers when they arrived at the accident scene.

16. At the accident scene, Holmstock stated to the defendant officers, including defendant LAURIE, that, in sum and substance, Robert Coward was driving the vehicle, he's my boyfriend, and that he lives with me at 541 Van Duzer Street on the first floor.

17. Shortly thereafter, the defendant officers, including defendant LAURIE, arrived at 541 Van Duzer Street. When the defendants did not find Coward at the location, the defendants proceeded to the second floor apartment and falsely arrested WRIGHT for the crimes that Coward had committed, despite lacking probable cause to arrest WRIGHT.

18. After arresting WRIGHT, the defendant officers escorted WRIGHT to a police vehicle in front of 541 Van Duzer Street.

19. While the defendant officers were placing WRIGHT inside the police vehicle, Holmstock arrived at the location and stated, in sum and substance, you're arresting the wrong person, that's not the person who was driving the car I was in, that's not Robert Coward.

20. In response, one of the defendant officers stated, in sum and substance, we got the person we want, shut up.

21. The defendant officers transported WRIGHT to the NYPD's 120th precinct station house and imprisoned him therein.

22. The defendant officers imprisoned WRIGHT until his arraignment on August 19, 2013 on baseless charges filed in Richmond County Criminal Court on docket no. 2013RI006771; said charges having been filed based on the false allegations of the defendant officers. Defendant LAURIE initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned false arrest.

23. Defendant LAURIE created and manufactured false evidence against WRIGHT and conveyed said evidence to the Richmond County District Attorney's Office causing said evidence to be used against WRIGHT in the aforementioned legal proceeding.

24. Specifically, LAURIE swore in the criminal court complaint filed against WRIGHT that LAURIE observed WRIGHT to be the driver of a vehicle and that WRIGHT drove said vehicle through red lights and stop signs without slowing down or stopping, at a high

4

rate of speed, in excess of the posted speed limit, and that WRIGHT drove his vehicle into another vehicle causing a collision. The allegations that WRIGHT was driving said vehicle were entirely false.

25. The false charges compelled WRIGHT to return to court until November 6, 2013, when all the false allegations levied against WRIGHT were adjourned in contemplation of dismissal and subsequently dismissed and sealed in Richmond County Criminal Court.

26. The defendant NYPD officers JOHN and JANE DOE 1 through 7 either directly participated in and/or failed to intervene in the illegal conduct described herein.

27. The defendant NYPD officers JOHN and JANE DOE 8 through 10 held supervisory positions in the NYPD and supervised the other defendant officers.

28. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

29. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the requirements of probable cause when arresting individuals; the investigation of incidents, and; that they engage in a practice of falsification.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiff ARTHUR WRIGHT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff ARTHUR WRIGHT of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

6

attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants arrested plaintiff ARTHUR WRIGHT without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42. Defendants caused plaintiff ARTHUR WRIGHT to be falsely arrested and unlawfully imprisoned.

43. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

7

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants created false evidence against plaintiff ARTHUR WRIGHT.

46. Defendants utilized this false evidence against plaintiff ARTHUR WRIGHT in legal proceedings.

47. As a result of defendants' creation and use of false evidence, plaintiff ARTHUR WRIGHT suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

48. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants issued criminal process against plaintiff ARTHUR WRIGHT by causing his arrest and prosecution in a criminal court.

51. Defendants caused plaintiff ARTHUR WRIGHT to be arrested and prosecuted in

order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for falsely arresting plaintiff.

52. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants had an affirmative duty to intervene on behalf of plaintiff ARTHUR WRIGHT, whose constitutional rights were being violated in their presence by other officers.

55. The defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiff ARTHUR WRIGHT'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to excessive force and over tight handcuffing, and he was humiliated and compelled to appear in criminal court.

57. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

60. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The defendants falsely arrested and subjected plaintiff ARTHUR WRIGHT to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

63. As a result of the foregoing, plaintiff ARTHUR WRIGHT was deprived of his rights under the Equal Protection Clause of the United States Constitution.

64. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ARTHUR WRIGHT'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ARTHUR WRIGHT.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ARTHUR WRIGHT as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ARTHUR WRIGHT as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ARTHUR WRIGHT was unlawfully arrested, subjected to excessive force and maliciously prosecuted.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ARTHUR WRIGHT'S constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff ARTHUR WRIGHT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from the failure to intervene;

    D. To receive his right to fair trial;

    E. To be free from malicious abuse of process; and

    F. To receive equal protection under law.

74. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79. Plaintiff has complied with all conditions precedent to maintaining the instant action.

80. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants arrested plaintiff ARTHUR WRIGHT without probable cause.

83. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

84. As a result of the aforementioned conduct, plaintiff ARTHUR WRIGHT was

13

unlawfully imprisoned in violation of the laws of the State of New York.

85. As a result of the aforementioned conduct, plaintiff ARTHUR WRIGHT suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. As a result of the foregoing, plaintiff ARTHUR WRIGHT was placed in apprehension of imminent harmful and offensive bodily contact.

89. As a result of defendant's conduct, plaintiff ARTHUR WRIGHT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendants made offensive contact with plaintiff ARTHUR WRIGHT without privilege or consent.

93. As a result of defendants' conduct, plaintiff ARTHUR WRIGHT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(<u>Malicious Abuse of Process under laws of the State of New York</u>)

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Defendants issued criminal process against plaintiff ARTHUR WRIGHT by causing him to be arrested, arraigned and prosecuted in criminal court.

97. Defendants caused plaintiff ARTHUR WRIGHT to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

98. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ARTHUR WRIGHT.

101. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

102. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

103. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Upon information and belief the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff ARTHUR WRIGHT.

105. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

108. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth

herein.

110. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

111. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

112. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

114. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

115. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth

herein.

116. As a result of defendants' conduct, plaintiff ARTHUR WRIGHT was deprived of his right to security against unreasonable searches, seizures, and interceptions.

117. As a result of the foregoing, plaintiff ARTHUR WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ARTHUR WRIGHT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 14, 2014

                LEVENTHAL & KLEIN, LLP
                Attorneys for Plaintiff ARTHUR WRIGHT
                45 Main Street, Suite 230
                Brooklyn, New York 11201
                (718) 722-4100

By: _____
      BRETT H. KLEIN (BK4744)
      JASON LEVENTHAL (JL1067)

19

Case 1:14-cv-06728-RJD-VVP   Document 1   Filed 11/14/14   Page 20 of 20 PageID #: 20